**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Marc Rosso, | No. CV-16-00860-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Liberty Insurance Corporation, et al., | |
| Defendants. | |

Before the Court is Defendants Christopher Miller and Nathan Fesler's motion to dismiss. (Doc. 14.) The motion is fully briefed.[1] For the reasons stated below, the motion is granted.

## BACKGROUND

In September 2012, Plaintiff Marc Rosso was injured on the job while employed with Fresh and Easy Neighborhood. (Doc. 1, ¶ 6.) He filed a claim for workers' compensation with Defendant Liberty Mutual Insurance Corp., which assigned the claim to one of its adjusters, Fesler. (*Id.*, ¶ 7.) Fesler denied the claim on behalf of Liberty Mutual on August 28, 2013. (*Id.*) On November 12, 2013, Liberty Mutual rescinded its denial, but later denied benefits on April 9, 2014. (*Id.*) On February 17, 2015, the Industrial Commission of Arizona overturned Liberty Mutual's denial. (*Id.*) The claim

---

[1] Plaintiff's request for oral argument is denied. The issues are adequately briefed, and the Court finds that oral argument will not aid in resolving the motion. *See* Fed. R. Civ. P. 78(b); LRCiv. 7.2(f).

Case 2:16-cv-00860-DLR Document 32 Filed 07/27/16 Page 2 of 6

was reassigned to Miller, and benefits were again denied on February 11, 2016. (*Id.*)

Rosso alleges, *inter alia*, that Defendants failed to conduct a reasonable investigation of his claim and that he is entitled to benefits. (*Id.*, ¶ 9a.) He brings claims for insurance bad faith against Liberty Mutual and for aiding and abetting Liberty Mutual's bad faith against Fesler and Miller. (*Id.*, ¶¶ 13-26.) Rosso also seeks punitive damages. (*Id.*, ¶¶ 27-30.) Fesler and Miller now move to dismiss the aiding and abetting claim. (Doc. 14.)

## LEGAL STANDARD

To survive dismissal for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The task when ruling on a motion to dismiss "is to evaluate whether the claims alleged [plausibly] can be asserted as a matter of law." *See Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When analyzing the sufficiency of a complaint, the well-pled factual allegations are taken as true and construed in the light most favorable to the plaintiff. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). However, legal conclusions couched as factual allegations are not entitled to the assumption of truth, *Iqbal*, 556 U.S. at 680, and therefore are insufficient to defeat a motion to dismiss for failure to state a claim, *In re Cutera Sec. Litig.*, 610 F.3d 1103, 1108 (9th Cir. 2008).

## ANALYSIS

Defendants argue the aiding and abetting claim fails as a matter of law for two reasons: (1) Rosso fails to allege that Defendants engaged in secondary conduct that aided or abetted Liberty's alleged bad faith, and (2) under Arizona law, an insurer and its adjuster act as one entity, and thus cannot aid or abet itself. Because Defendants' first argument is dispositive, the Court will not address whether an insurer and its adjuster are one entity under Arizona law.

In Arizona, an individual is liable for aiding and abetting the commission of a tort

if: "(1) the primary tortfeasor committed a tort that injured the plaintiff; (2) the secondary tortfeasor defendant knew that the primary tortfeasor's conduct was a breach of its duty; and (3) the secondary tortfeasor substantially assisted or encouraged the primary tortfeasor in the achievement of the breach." *Lambert v. Liberty Mut. Fire Ins. Co.*, No. 2:14-cv-00521-JWS, 2014 WL 5432154, at *2 (D. Ariz. Oct. 24, 2014); *see also Wells Fargo Bank v. AZ Laborers, Teamsters & Cement Masons Local No. 395 Pension Trust Fund*, 38 P.3d 12, 23 (Ariz. 2002). "For there to be harm to a third person, there must be at least two tortfeasors." *Ortiz v. Zurich Am. Ins. Co.*, No. CV-13-02097-PHX-JAT, 2014 WL 1410433, at *3 (D. Ariz. April 11, 2014). In addition, "there must be some factual allegation showing [the secondary tortfeasor] took separate action in concert with the action giving rise to [the plaintiff's] claim against the [primary tortfeasor]." *Id.*; *see also Jones v. Colo. Cas. Ins. Co.*, No. CV 12-1968-PHX-JAT, 2013 WL 4759260, at *3 (D. Ariz. Sept. 4, 2013).

Rosso alleges Liberty Mutual committed bad faith by "refusing to properly investigate and effectively denying necessary medical care and other benefits, without any reasonable basis to do so." (Doc. 1, ¶ 15.) He asserts Liberty Mutual unreasonably interpreted its obligations under the Arizona Workers' Compensation Act, abused the litigation process and procedures of the Industrial Commission of Arizona to delay benefits administration, and needlessly compelled him through administrative litigation. (*Id.*, ¶ 16a-d.) With respect to Fesler and Miller, Rosso alleges that they knew his claim was "not fairly debatable" and "substantially assisted or encouraged" Liberty Mutual in denying his claim. (*Id.*, ¶¶ 22-23.) Rosso alleges that all Defendants failed to conduct a reasonable investigation of the claim, failed to recognize the extent of his injuries, failed to accept medical evidence, denied the existence and extent of his injury without input from medically-trained individuals, ignored information favorable to his claim, and created pretextual reasons to delay and deny his claim. (*Id.*, ¶¶ 9a-f.).

Assuming the truth of these allegations, Rosso has alleged that Liberty Mutual committed the tort of insurance bad faith by failing to adequately handle his claim. In

order to state a claim for aiding and abetting, however, Rosso "must not only allege actions that constitute a breach of the insurer's duty, but also separate actions performed by the adjuster that substantially assisted or encouraged the breach." *Lambert*, 2014 WL 5432154, at \*3. Here, there are no allegations that Fesler or Miller engaged in any separate tortious conduct that aided or abetted the alleged bad faith. Rosso explicitly alleges that the *same actions* give rise to his claims of bad faith and aiding and abetting. (*See id.*, ¶¶ 9a-f, 22-23.) Liberty Mutual could not have committed the alleged bad faith without Fesler and Miller, both of whom actually handled the claim. In other words, Fesler and Miller are alleged to have actually committed the primary tort; they are not alleged to have taken separate actions to assist Liberty Mutual in committing the primary tort. Similar allegations have been found insufficient by numerous courts in this District. *See e.g.*, *Lemaster v. Hartford Ins. Co. of the Midwest*, No. CV-13-02017-PHX-JJT, 2016 WL 705125, at \*10 (D. Ariz. Feb. 23, 2016) (granting summary judgment in favor of adjuster on aiding and abetting claim where there was no evidence adjuster "performed separate actions that substantially assisted or encouraged" the alleged bad faith); *Lambert*, 2014 WL 5432154, at \*3 (plaintiff's allegations that adjuster's "filing of a Notice of Claim Status with the Arizona Industrial Commission without a reasonable basis and without first conducting an adequate investigation" insufficient to plead aiding and abetting claim); *Ortiz*, 2014 WL 1410433, at \*1, 3 (finding similar allegations of wrongdoing alleged against all the defendants failed to state a claim for aiding and abetting because the plaintiff "allege[d] the same actions give rise to both the bad faith claim and the aiding and abetting claim"); *Jones*, 2013 WL 4759260, at \*3 (same); *Young v. Liberty Mut. Grp., Inc.*, No. CV-12-2302-PHX-JAT, 2013 WL 840618, at \*3 (D. Ariz. March 6, 2013) (same). Consequently, the Court finds Rosso fails to state a claim for aiding and abetting against Fesler and Miller.[2]

Rosso argues that several courts in this District have permitted such a claim.

---

[2] An unpublished Arizona case, *Bennett v. Ins. Co. of State of Penn.*, No. 1 CA-CV 10-0815, 2012 WL 424913, at \*8 (Ariz. Ct. App. Feb. 9, 2012), held that an adjuster may not be liable for aiding and abetting an insurer's bad faith.

These cases, however, are not binding and are distinguishable from the case at hand. *See Haney v. ACE Am. Ins. Co.*, No. CV-13-02429-PHX-DGC, 2014 WL 1230503, at *4 (D. Ariz. March 25, 2014) (noting that a separate tort must be alleged, but finding bare allegations that the adjuster unreasonably delayed the claim sufficient); *Inman v. Wesco Ins. Co.*, No. CV-12-02518-PHX-GMS, 2013 WL 2635603, at *4 (D. Ariz. June 12, 2013) (not addressing whether separate tort was pled, instead finding that such a claim is "not barred simply because a person worked for the alleged primary tortfeasor and was acting within the scope of her employment"). Moreover, these decisions carry even less weight given that "no conclusive Arizona case law exists" regarding whether "Arizona law would permit a claim against an adjuster for aiding and abetting" at all. *Lambert*, 2014 WL 5432154, at *3.

In addition, contrary to Rosso's argument, *Morrow v. Boston Mutual Life Insurance Co.*, CIV 06-2635-PHX-SMM, 2007 WL 3287585 (D. Ariz. Nov. 5, 2007) supports the Court's analysis. In *Morrow*, the plaintiff alleged two distinct tortious actions against two defendants: (1) the insurer hired a biased medical examiner to review the claim, and (2) the medical examiner knowingly provided a biased and unsupported opinion in order to deny benefits. *Id.* at * 1, 5. The Court found that these allegations were sufficient to state a claim of aiding and abetting against the medical examiner. *Id.* at *6. Unlike *Morrow*, Rosso alleges no separate tortious conduct committed by Fesler and Miller. Instead, he relies on the same conduct in alleging bad faith and aiding and abetting.

Rosso also relies on *Chalpin v. Snyder*, 207 P.3d 666 (Ariz. Ct. App. 2008) for the proposition that Arizona permits aiding and abetting claims against agents of an insurer. (Doc. 19 at 6.) But *Chalpin* involved an aiding and abetting claim against an insurer's attorney for conduct committed during litigation. *Id.* at 668. Although the attorney believed that the insurer was "on the hook for th[e] claim," he nonetheless recommended that the insurer "file a lawsuit against its insureds raising all coverage defenses as a means to put pressure on the injured driver's family to settle[.]" *Id.* at 669. In finding

1  that the attorney could be held liable for aiding and abetting the insurer's bad faith, the
2  court relied heavily on laws governing attorneys. *Id.* at 677. *Chalpin* is distinguishable
3  from the instant case, given that the plaintiff alleged two separate tortious acts: (1) bad
4  faith against the insurer, and (2) malicious prosecution against the attorney, which aided
5  the insurer's alleged bad faith. Most importantly, Rosso's reliance on *Chalpin* ignores
6  the fact that he must allege separate conduct committed by Fesler and Miller to establish
7  his claim.[3]

Accordingly, the Court finds that Rosso has not adequately alleged that Fesler and Miller engaged in secondary tortious conduct that aided and abetted Liberty Mutual's alleged bad faith. The claim is dismissed.

**IT IS ORDERED** that Defendants' motion to dismiss, (Doc. 14), is **GRANTED**.

Dated this 27th day of July, 2016.

_____
Douglas L. Rayes
United States District Judge

---

[3] Rosso dedicates a large portion of his brief arguing general principles of agency law. This argument confuses an agent's general liability for actions taken on behalf of his principal and "whether an employee can commit the tort of aiding and abetting her employer's bad faith if both alleged torts are based on the same acts." *Lambert*, 2014 WL 5432154, at *3.